UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLARENCE BROWN,

                              **Plaintiff,**

   vs.                                                5:23-CV-00002
                                                       (MAD/TWD)

JON E. BUDELMANN et al.,

                              **Defendant.**
_____

APPEARANCES:                                OF COUNSEL:

**CLARENCE BROWN**
31 Pearl Street
Apartment 106
Lyons, New York 14489
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

### I. INTRODUCTION

    *Pro se* Plaintiff, Clarence Brown, commenced this civil rights action on January 3, 2023, by filing a Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. On January 5, 2023, after Plaintiff failed to either pay the filing fee or file an *in forma pauperis* ("IFP") application form, the Court issued an order directing administrative closure of the action with opportunity to comply with filing fee requirements. *See* Dkt. No. 2. On January 12, 2023, Plaintiff filed a motion to proceed IFP, and accordingly, the Court reopened the case. *See* Dkt. Nos. 3-4.

    In an Order and Report-Recommendation, Magistrate Judge Dancks granted Plaintiff's motion to proceed IFP for purposes of initial review and recommended the Court dismiss the

complaint in its entirety without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). *See* Dkt. No. 6 at 1.

## II. BACKGROUND

In May 2008, Plaintiff was convicted of two counts of Burglary in the Second Degree and one count of Promoting Prostitution in the Fourth Degree. *See* Dkt. No. 1 at 2, 9. In Plaintiff's Complaint, he alleges that at his trial, the government presented false evidence against him, blacked out phone logs, and presented his immigration status incorrectly. *See id.* at 1-2. Specifically, Plaintiff disputes the government's assertion that Plaintiff had been deported and re-entered the United States illegally. *See id.* Plaintiff claims Homeland Security has no record of his alleged illegal re-entry. *See id.* Plaintiff also claims that his establishment does have a liquor license, contrary to Defendants' assertion at trial that transactions at the establishment were illegal because Plaintiff did not have a liquor license. *See id.*

Plaintiff's Complaint lists three causes of action: (1) "I want my name cleared," (2) "I need proof from the [District Attorney's] office of deportation including date and time along with documentation of where I re-entered illegally," and (3) "I believe the [District Attorney] tampered with evidence." *See* Dkt. No. 1 at 3. Plaintiff does not list his requested relief in the relief section of his Complaint. *See id.* at 4.

In an Order and Report-Recommendation dated April 17, 2023, Magistrate Judge Dancks granted Plaintiff's motion to proceed IFP for purposes of initial review and recommended the Court dismiss the complaint in its entirety without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1). *See* Dkt. No. 6. First, Magistrate Judge Dancks determined that Plaintiff's Section 1983 claim is barred because the conviction was not invalidated as required under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.* at 5. Magistrate Judge Dancks then found

2

that Plaintiff's claims are also barred by prosecutorial immunity because Defendants at the time of the trial were all prosecutors acting within the scope of their official duties. *See id.* at 7.  Neither party objected to Magistrate Judge Dancks's Order and Report-Recommendation.

### III. DISCUSSION

**A. Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08–CV–322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1).

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that-- . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from

3

inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.  42 U.S.C. § 1983**

Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y.1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)).  It "'is not itself a source of substantive rights[,]' . . . [but] merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  "To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state ... law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  A defendant acts under color of state law when he or she "ha[s] exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 59 (1988) (quotation omitted).

When a Section 1983 claim concerns the validity of a conviction, the court must dismiss the claim unless the conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The Supreme Court identified four methods for finding a conviction has been invalidated: (1) the conviction has been reversed on direct appeal, (2) an executive order expunged the conviction, (3) a federal court issued a habeas corpus petition, or (4) an authorized state tribunal declared the conviction invalid.  *Id.*  If the conviction has not been invalidated, "a plaintiff may only recover for an injury other than the harm caused by the conviction and the imprisonment

resulting therefrom." *Stegemann v. Rensselaer County Sheriff's Off.*, No. 20-CV-3316, 2021 WL 5492966, *2 (2d. Cir. Nov. 23, 2021) (citing *Heck*, 512 U.S. at 487 n.7).

As Magistrate Judge Dancks noted in her Order and Report-Recommendation, all of Plaintiff's claims concern his 2008 conviction which has not been invalidated through any of the aforementioned methods. *See* Dkt. No. 6 at 6. Further, Plaintiff has not claimed any injury besides those related to his conviction. *See generally* Dkt. No. 1. Accordingly, the Court finds Magistrate Judge Dancks correctly determined that Plaintiff's complaint must be dismissed for failure to state a claim.

**C. Prosecutorial Immunity**

In addition to *Heck*'s bar, "[t]he doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages (but not injunctive relief) in a [Section] 1983 lawsuit . . . ." *Anilao v. Spota*, 27 F.4th 855, 863 (2d Cir. 2022). Prosecutors "enjoy 'absolute immunity from [Section] 1983 liability for those prosecutorial activities intimately associated with the judicial phase of the criminal process.'" *Id.* at 864 (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987)). The immunity attaches to the prosecutor's function, not the identity of the actor performing it. *See id.* at 864. "'Thus, unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity [from Section 1983 liability] exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Barr*, 810 F.2d at 361). Immunity extends even to a prosecutor's falsification of evidence and making of false statements in judicial proceedings. *Burns v. Reed*, 500 U.S. 478, 490 (1991).

As Magistrate Judge Dancks explained in her Order and Report-Recommendation, Defendants were prosecutors acting within the scope of their official duties. *See* Dkt. No. 6. at 7. Their activities were intimately associated with the judicial phase of the criminal process rather

5

than investigative in nature. *See id.* Therefore, the Court agrees with Magistrate Judge Dancks that Plaintiff's Section 1983 claims must be dismissed.

### IV. CONCLUSION

After carefully reviewing Magistrate Judge Dancks's Order and Report-Recommendation and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks's April 17, 2023 Order and Report-Recommendation (Dkt. No. 6) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that Plaintiff's motion to appoint counsel (Dkt. No. 7) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 23, 2023
       Albany, New York

                                                      Mae A. D'Agostino
                                                      U.S. District Judge